Filed
10/21/2016 7:01:54 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2016CVT00274103

CAUSE NO. _____

| | | |
|---|---|---|
| JUAN R. OVALLE | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| ALIEN MOLINA NUNEZ, and | § | |
| AJ AMERICAN TRANSPORT CORP. | § | |
|     Defendants | § | WEBB COUNTY, TEXAS |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUAN R. OVALLE, hereinafter referred to as Plaintiff, complaining of ALIEN MOLINA NUNEZ AND AJ AMERICAN TRANSPORT CORP., hereinafter referred to as Defendants and for cause of action would respectfully show:

### I.

### DISCOVERY CONTROL PLAN

Plaintiff intends to proceed under Discovery Control Plan No. 3.

### II.

### PARTIES

Plaintiff is an individual who resides in Hidalgo County, Texas.

Defendant **Alien Molina Nunez** is a resident of Florida and Interstate Truck Driver, doing business in the state of Texas. Defendant Alien Molina Nunez can be served with notice of citation by certified mail at **904 Samy Drive, Tampa, FL 33613**, or wherever Mr. Nunez may be found.

-1-


EXHIBIT A

Defendant AJ AMERICAN TRANSPORT CORP. is a Florida Corporation doing business in the State of Texas, with its registered office located in Tampa, Florida. Defendant AJ AMERICAN TRANSPORT CORP. can be served with citation by serving its registered agent for service, Alien Molina Nunez, by certified mail at **904 Samy Dr., Tampa, FL 33613, or wherever Mr. Nunez may be found.**

### III.

### JURISDICTION

The court has jurisdiction over Defendants because Defendant, Alien Molina Nunez is an interstate truck driver doing business in Texas. The court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

### IV.

### VENUE

Venue is proper in Webb County, Texas pursuant to Tex. Civ. Prac. & Rem. Code Sec.15.002(a)(1) which states that all lawsuits shall be brought...in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. The motor vehicle collision made the basis of this suit occurred in Webb County, Texas.

### V.

### FACTS

On or about October 23, 2014, Plaintiff was traveling West on the 1000 block of Beltway Parkway in Laredo, Webb County, Texas. Defendant Driver, Alien Molina Nunez was also traveling West on the 100 block of Beltway Parkway, in Laredo, Webb County, Texas, but in the oncoming lane for East Bound traffic, on the wrong side of the road. Defendant Alien Molina Nunez changed

-2-

lanes when unsafe, causing his 18 wheel rig to strike Plaintiff's vehicle. Plaintiff was traveling in his correct lane and in the correct direction of traffic at the time of the collision. Plaintiff suffered serious injuries as a result of Defendant driver, Alien Molina Nunez's negligence. Nothing Plaintiff did or did not do caused or in any manner contributed to the cause of this accident. As a result of the impact, Plaintiff sustained physical injuries to his body.

## VI.

## NEGLIGENCE

The evidence will show that the collision between the vehicle Plaintiff was in and the vehicle operated by Defendant driver, Alien Molina Nunez and Plaintiff's resulting injuries and damages were proximately caused by one or more, but not limited to the following acts of negligence on the part of the Defendant driver, Alien Molina Nunez:

1. In failing to keep such lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

2. In failing to safely operate his vehicle in a safe manner as a person exercising ordinary care and prudence would have done under the same or similar circumstances.

3. In traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances.

4. In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence, under the same or similar circumstances.

5. In failing to make such turning movements of the vehicle in question as would have been made a person exercising ordinary care and prudence under the same or similar circumstances.

6. In failing to pay attention to traffic directly in front of him in order to travel in a safe manner.

7. In failing to yield the right of way as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

The evidence will further show that the collision between the vehicle in which Plaintiff was riding and the vehicle operated by Alien Molina Nunez, and Plaintiff's resulting injuries and damages were proximately caused by one or more, but not limited to the following acts of negligence of the Defendants, AJ American Transport Corp.:

1. In failing to use ordinary care in hiring employees;
2. In failing to use ordinary care in supervising its employees;
3. In failing to use ordinary care in training its employees.

Additionally, at all times material hereto, Defendant driver, Alien Molina Nunez was an agent, servant, representative and/or employee under the control of Defendant AJ American Transport Corp. and at the time of the occurrence made the basis of this suit, Defendant driver, Alien Molina Nunez was then and there in the course and scope of Defendant's AJ American Transport Corp.'s employment and in the furtherance of their business.

Each of the foregoing acts of negligence on the part of the Defendants was a proximate cause of Plaintiff's resulting injuries and damages.

## VII.
## DAMAGES

Upon trial of this case, it will be shown that Plaintiff, Juan R. Ovalle was caused to sustain injuries and damages as a proximate result of Defendants' negligence and Plaintiff will respectfully request the Court and Jury to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages, provided by law, that Plaintiff is

-4-

entitled to have the Jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred. From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

1. The physical pain that Plaintiff suffered from the date of the collision in question up to the time of trial.

2. The mental anguish that Plaintiff suffered from the date of the collision in question to the time of trial.

3. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the collision in question up to the time of trial.

4. The loss of any wage earning capacity sustained by Plaintiff from the date of the collision in question up to the time of trial.

5. The physical impairment suffered by Plaintiff from the date of the incident in question up to the time of trial.

From the time of trial of this case, the elements of damages to be considered which Plaintiff Jose Castillo will sustain in the future beyond the trial are such of the following elements of damages as will be shown by a preponderance of the evidence upon trial of this case:

1. The physical pain that Plaintiff will suffer in the future beyond the time of trial.

2. The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

3. The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial.

4. The loss or reduction in Plaintiff's earnings or earning capacity in the future beyond the time of trial as a result of the injuries sustained in the collision in question.

-5-

5. The physical impairment suffered by Plaintiff in the future beyond the time of trial.

Because of all the above and foregoing, Plaintiff Juan R. Ovalle has been damaged and will seek monetary relief over $200,000 but not more than $1,000,000.

## VIII.

### DISCOVERY

Under the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose within fifty (50) days of the service of Plaintiff's Original Petition the information requested and produce the materials described in Rule 194.2 of the Texas Rules of Civil Procedure.

## IX.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays that the Defendant be cited to appear and answer herein and that upon final trial that Plaintiff recover the damages specified above, including costs of Court, pre-judgment and post-judgment interest at the legal rate in the manner allowed by law, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be entitled under the facts and circumstances.

Respectfully Submitted,

LAW OFFICES OF RICARDO L. SALINAS
2011 North Conway
Mission, Texas 78572
(956) 584-3900-Telephone
(956) 580-9688-Fax

By: ___/S/ RICARDO L. SALINAS___

RICARDO L. SALINAS
State Bar No. 00786220

-6-

**LAW OFFICES OF RAMÓN ROSALES, JR., P.C.**
2007 East Griffin Parkway
Mission, Texas 78572
(956) 519-0777-Telephone
(866) 519-8177-Fax
ramon@ramonrosaleslaw.com

By: /S/ *RAMÓN ROSALES, JR.*
RAMÓN ROSALES, JR.
State Bar No. 17243500

**ATTORNEYS FOR PLAINTIFF**